**CARL E. DOUGLAS, Esq. (SBN: 097011)**
*carl@douglashickslaw.com*
**JAMON R. HICKS, Esq. (SBN: 232747)**
*jamon@douglashickslaw.com*
***DOUGLAS / HICKS LAW, APC***
5120 W. Goldleaf Circle, Suite 140
Los Angeles, California 90056
Tel: (323) 655-6505; Fax: (323) 927-1941

Attorneys for all Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF CHRISTIAN VARGAS; ALICIA GUZMAN, as Guardian *Ad Litem* for minors A.C.V. and C.A.V.; STEPHANY EBARRA, as Guardian *Ad Litem* for minor A.F.E.; EDITH HERNANDEZ, Individually, and as Successor in Interest to CHRISTIAN VARGAS deceased, <br><br>     *Plaintiffs,* <br><br> vs. <br><br> THE CITY OF COLTON; OFFICER BRYAN ACEVEDO; OFFICER GREGORY CASTILLO; and DOES 1-10, Inclusive, <br><br>     *Defendants.* | CASE NO.: <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **Unreasonable Search and Seizure - Detention and Arrest 42 U.S.C. § 1983** <br> 2. **Excessive Force and Denial of Medical Care - 42 U.S.C. § 1983** <br> 3. **Substantive Due Process - 42 U.S.C. § 1983** <br> 4. **Interference with Familial Relationship and Freedom of Association - 42 U.S.C. § 1983** <br> 5. **Municipal Liability for Unconstitutional Custom or Policy - 42 U.S.C. § 1983** <br> 6. **False Imprisionment – Cal. Govt. Code § 820 - Wrongful Death** <br> 7. **Battery - Cal. Govt. Code § 820 – Wrongful Death** <br> 8. **Negligence – Cal. Govt. Code § 820 – Wrongful Death** <br><br> **JURY TRIAL DEMANDED** |

The ESTATE OF CHRISTIAN VARGAS, ALICIA GUZMAN, as Guardian *Ad Litem* for minors A.C.V. and C.A.V., STEPHANY EBARRA, as Guardian *Ad Litem* for minor A.F.E., and EDITH HERNANDEZ, Individually and as Successor in Interest to CHRISTIAN VARGAS deceased, allege as follows:

## INTRODUCTION

1.     This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal police shooting of Mr. VARGAS, CHRISTIAN VARGAS.

## PARTIES

2.     At all relevant times mentioned here, CHRISTIAN VARGAS ("Mr. VARGAS") was an individual residing in the City of Rialto, County of San Bernardino, California.

3.     At all relevant times mentioned here, ALICIA GUZMAN ("Ms. GUZMAN") was an individual residing in the City of Yucaipa, County of San Bernardino, California and is the natural mother  and Guardian *Ad Litem* to minors A.C.V. and C.A.V.

4.     At all relevant times mentioned here, Plaintiff A.C.V. was a minor residing in the City of Yucaipa, County of San Bernardino, California and is the biological daughter of Mr. VARGAS.  A.C.V. sues in her individual capacity and as a Successor in Interest to CHRISTIAN VARGAS by and through her Guardian *Ad Litem*, ALICIA GUZMAN.  A.C.V. sues as the surviving child of Mr. VARGAS pursuant to Section 377.60 of the California Code of Civil Procedure and as a Successor in Interest to CHRISTIAN VARGAS.

5.     At all relevant times mentioned here, Plaintiff C.A.V. was a minor residing in the City of Yucaipa, County of San Bernardino, California and is the biological daughter of Mr. VARGAS.  C.A.V. sues in her individual capacity and as a Successor in Interest to CHRISTIAN VARGAS by and through her Guardian *Ad Litem*, ALICIA GUZMAN.  C.A.V. sues as the surviving child of Mr. VARGAS pursuant to Section 377.60 of the California Code of Civil Procedure and as a Successor in Interest to CHRISTIAN VARGAS.

6.     At all relevant times here, STEPHANY EBARRA  ("Ms. EBARRA")was an individual residing in the City of Ralston, Douglas County, Nebraska and is the natural mother and Guardian *Ad Litem* to minor A.F.E.

7.     At all relevant times mentioned here, Plaintiff A.F.E. was a minor residing in the City of Ralston, Douglas County, Nebraska and is the biological son of Mr. VARGAS.  A.F.E. sues in his individual capacity and as a Successor in Interest to CHRISTIAN VARGAS by and through his Guardian *Ad Litem*, STEPHANY EBARRA.  A.F.E. sues as the surviving child of Mr. VARGAS pursuant to Section 377.60 of the California Code of Civil Procedure and as a Successor in Interest to CHRISTIAN VARGAS.

8.     At all relevant times mentioned here, EDITH HERNANDEZ ("Ms. HERNANDEZ")was an individual residing in the City of Rialto, County of San Bernardino, California and is the natural mother to the deceased CHRISTIAN VARGAS.  Ms. HERNANDEZ is the Successor in Interest to the ESTATE of CHRISTIAN VARGAS (the "ESTATE").

9.     At all relevant times mentioned here, Defendant THE CITY OF COLTON (the "CITY") is an incorporated public entity, duly authorized and existing as such in and under the laws of the State of California; and at all relevant times mentioned here, Defendant CITY has possessed the power and authority to

adopt policies and prescribe rules, regulations and practices affecting the operation of the Colton Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant CITY was the employer of Defendants DOES 1 - 10, individually and as peace officers.

10.     At all relevant times mentioned here, Defendant BRYAN ACEVEDO ("ACEVEDO"), individually and as a peace officer, was a duly authorized employee and agent of the CITY, who was acting under color of law and within the course and scope of his respective duty as a police officer and within the complete authority and ratification of his principal, Defendant CITY.

11.     At all relevant times, Defendant  GREGORY CASTILLO ("CASTILLO"), individually and as a peace officer; was duly authorized employee and agent of CITY, who was acting under color of law within the course and scope of his respective duty as a police officer and within the complete authority and ratification of his principal, the Defendant CITY.

12.     At all relevant times mentioned here, Defendants DOES 1 – 10, individually and as peace officers, were duly authorized employees and agents of the CITY, who were acting under color of law and within the course and scope of their respective duties as police officers and within the complete authority and ratification of their principal, the Defendant CITY.

13.     At all relevant times mentioned here, Defendants individually and as peace officers were duly appointed officers and/or employees or agents of the CITY, subject to oversight and supervision by the CITY's elected and non-elected officials.

14.     In doing the acts and failing and omitting to act as described below, Defendants, individually and as peace officers, were acting on the implied and actual permission and consent of the CITY and Defendant DOES 8 - 10.

15.     At all relevant times mentioned here, each and every CITY Defendant was the agent of each and every other CITY Defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY Defendant.

16.     At all relevant times, Defendants, individually and as peace officers, were working for the Defendant CITY as police officers.

17.     Plaintiffs are unaware of the true names and capacities of those Defendants sued here as Defendants DOES 1-10.  Plaintiffs will amend this Complaint to allege each Defendants' true names and capacities when that information becomes known.  Plaintiffs are informed and believe, that these Defendants DOES 1-10 are legally responsible and liable for the incident, injuries, and damages set forth below, and that each of these Defendants legally caused the injuries and damages by reason of the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, and/or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstance set forth below, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters alleged here.  Plaintiffs will seek to amend this Complaint to set forth the true names and capacities of the unknown named DOE Defendants when that information becomes known.

18.     On January 18, 2017, Plaintiffs filed comprehensive and timely Amended Claims for Damages with CITY pursuant to applicable sections in the California Government Code and California Civil Code.

19.     The CITY rejected this Claim for Damage by operation of law.

///

///

**JURISDICTION**

20.    This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the First, Fourth and Fourteenth Amendments of the United States Constitutions. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

21.    Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of San Bernardino, California.

**FACTS COMMON TO ALL CAUSES OF ACTION**

22.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 21 above as if fully set forth here.

23.    On Monday, September 12, 2016, Mr. VARGAS was shot and killed by Defendants ACEVEDO, CASTILLO, and DOES 1 – 8 while sitting as a passenger in a car at or near the 900 block of East C Street in the City of Colton.

24.    The Plaintiffs are informed and believe that Mr. VARGAS had not committed any crime or other incident to justify the use of deadly force against him. The Defendants ACEVEDO, CASTILLO, and DOES 1 – 8 had neither reasonable suspicion to detain Mr. VARGAS nor probable cause to arrest him. When they first came upon Mr. VARGAS prior to the shooting, it was clear, or through the exercise of reasonable training and diligence should have been clear, that Mr. VARGAS was then merely a passenger in a car that police officers thought was stolen.  At the moment before they fired their weapons, the Defendant officers had no reason to believe that the passenger in that car was armed, dangerous, or created a deadly threat to anyone's physical safety.

25.     Defendants ACEVEDO, CASTILLO and DOES 1 – 8  negligently assessed the circumstances presented to them and violently confronted Mr. VARGAS without having probable cause to believe that Mr. VARGAS had committed a crime, or would commit a crime in the future.

26.     Without warning, Defendants ACEVEDO, CASTILLO and DOES 1 – 8  proceeded to assault and batter Mr. VARGAS by acts which included, but were not limited to, repeatedly and unjustifiably firing multiple deadly rounds at him from their department issued firearms.  Mr. VARGAS died as a legal and direct cause of these gunshot wounds.

27.     At no time during the course of these events did Mr. VARGAS pose any reasonable threat of violence to the Defendant officers, nor did he do anything to justify the Defendant officers' use of deadly, excessive, unreasonable, unlawful and unnecessary force against him. At no time during the course of these events did the Defendants have any credible information or belief that Mr. VARGAS was armed or had committed any crime whatsoever.

28.     Both prior to and during the time in which Mr. VARGAS was shot and killed by the Defendants, he posed no reasonable or credible threat of violence to the Defendants, nor to any other individual.  As stated above, Mr. VARGAS was merely an unarmed passenger in a car which was suspected to be stolen.

29.     Both prior to and during the time in which Mr. VARGAS was shot to death by Defendants ACEVEDO, CASTILLO and DOES 1 - 8, Mr. VARGAS made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that Mr. VARGAS had the will, or the ability to inflict substantial bodily harm against any individual or officer.

30.     As a legal result of the actions and failures to act as described here, Minors A.C.V., C.A.V.,  A.F.E., and Ms. HERNANDEZ were all  deprived of  Mr.

7

VARGAS' life-long love, comfort, society, companionship, support, care, and sustenance, and will continue to be so deprived for the remainder of their natural lives, all in an amount to be determined according to proof at trial. Each of the Plaintiffs was financially dependent on Mr. VARGAS for the necessities of life.

31.     As a further legal result of the actions and failures to act as described here, Ms. HERNANDEZ seeks reimbursement for funeral and burial expenses, all in an amount to be determined according to proof at trial.

## FOR THE FIRST CAUSE OF ACTION
## Unreasonable Search and Seizure - Detention and Arrest 42 U.S.C. § 1983
## (Plaintiffs the ESTATE OF CHRISTIAN VARGAS, and Minors A.C.V., C.A.V., A.F.E. and EDITH HERNANDEZ
## Against all Defendants and DOES 1-8, Inclusive)

32.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 31 above as if fully set forth here.

33.     Defendants individually and as peace officers detained Mr. VARGAS and imprisoned him in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. Mr. VARGAS died as a legal result of this violation.

34.     As a further legal result of the Defendants' conduct, each of the Defendants ACEVEDO, CASTILLO, and DOES 1 - 8 is liable for Mr. VARGAS's injuries, either because they were integral participants in his wrongful detention, imprisonment, and/or arrest, or because they failed to intervene to prevent violations against him.

35.     The Defendants ACEVEDO, CASTILLLO, and DOES 1 – 8 detained and imprisoned  Mr. VARGAS  without reasonable suspicion and arrested him without probable cause.

36.     The Defendants' conduct was willful, wanton, malicious, and done with a reckless disregard for Mr. VARGAS' rights and safety warranting the imposition of exemplary and punitive damages against the individual Defendants.

37.     As a legal result of the actions and failures to act as described here, Minors, A.C.V., C.A.V.,  A.F.E., and Ms. HERNANDEZ seek damages for injuries and harms as described in Paragraph 30 above, all in an amount to be determined according to proof at trial.

38.     As a further legal result of the actions and failures to act as described here, Ms. HERNANDEZ, individually, also seeks damages for funeral and burial expenses, all in an amount to be determined according to proof at trial.

39.     Ms. HERNANDEZ also seeks damages as successor-in-interest to Mr. VARGAS and representative of the ESTATE for exemplary damages against the individual Defendants and economic damages, all in an amount to be determined according to proof at trial.

40.     Plaintiffs also seek reasonable attorney fees and costs  under this Claim pursuant to 42 U.S.C. § 1988.

///
///
///
///
///

**FOR THE SECOND CAUSE OF ACTION**

**Excessive Force and Denial of Medical Care 42 U.S.C. § 1983**

**(Plaintiffs the ESTATE OF CHRISTIAN VARGAS, and Minors A.C.V.,**

**C.A.V., A.F.E. and EDITH HERNANDEZ**

**Against all Defendants and DOES 1-8, Inclusive)**

41.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 39 above as if fully set forth here.

42.    The Defendants' unjustified shooting and unreasonable use of force deprived Mr. VARGAS of his right to be secure in his person against unreasonable searches and seizures as guaranteed him under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

43.    Defendants ACEVEDO, CASTILLLO, and DOES 1 – 8 knew or through the exercise of reasonable experience, skill, and training, should have known, that after the shooting Mr. VARGAS was then in need of immediate medical treatment and care. Despite this knowledge and understanding each of the Defendants failed to provide timely medical treatment to Mr. VARGAS which resulted in further significant injury or the unnecessary and wanton infliction of pain on Mr. VARGAS, and was a substantial factor in causing his death.

44.    This use of deadly force was excessive and unreasonable under the circumstances, especially since MR. VARGAS had done nothing violent before, during and after he was shot to death.  Defendants' actions, individually and as peace officers, thus deprived MR. VARGAS of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

45.     The Defendants' conduct was willful, wanton, malicious, and done with reckless disregard for Mr. VARGAS' rights and safety, and therefore warrants the imposition of exemplary and punitive damages against the individual Defendants.

46.     As a legal result of these actions and failures to act as described here, Mr. VARGAS suffered economic damages including loss of earnings and earning capacity for which the  ESTATE is entitled to recover damages.

47.     As a further legal result of the actions and failures to act as described here, Minors, A.C.V., C.A.V.,  A.F.E., and Ms. HERNANDEZ seek damages for injuries and harms as described in Paragraph 30 above, all in an amount to be determined according to proof at trial.

48.     As a further legal result of the actions and failures to act as described here, Ms. HERNANDEZ also seeks damages as successor-in-interest to Mr. VARGAS and representative of the ESTATE for exemplary damages against the individual Defendants and economic damages, all in an amount to be determined according to proof at trial.

49.     Plaintiffs also seek attorney fees and litigation costs under this claim pursuant to 42 U.S.C. § 1988.

**FOR THE THIRD CAUSE OF ACTION**

**Substantive Due Process - 42 U.S.C. § 1983**

**(Plaintiffs the ESTATE OF CHRISTIAN VARGAS, and Minors A.C.V.,**

**C.A.V., A.F.E. and EDITH HERNANDEZ against all Defendants**

**and DOES 1-8, Inclusive)**

50.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 49 above as if fully set forth here.

51.     Plaintiffs have a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them from life, liberty, or property in such a manner as to shock the conscious, including but not limited to, unwarranted state interference in Plaintiffs' familial relationship with Mr. VARGAS.

52.     Mr. VARGAS had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them from life, liberty, or property in such a manner as to shock the conscious.

53.     As a result of the shooting by Defendants ACEVEDO, CASTILLO and DOES 1 – 8 Mr. VARGAS died.  Plaintiffs were thereby deprived of their constitutional right to a familial relationship with Mr. VARGAS.

54.     Defendants, individually and as peace officers, acting under the color of state law, thus violated the Plaintiffs' Fourteenth Amendment right to be free from the unwarranted interference with their familial relationship with Mr. VARGAS.

55.     The Defendants actions as described here, along with other undiscovered conduct, shocks the conscious, in that the Defendants ACEVEDO, CASTILLO and DOES 1 – 8 acted with deliberate indifference to the constitutional rights of Mr. VARGAS and the  Plaintiffs, and with a purpose to harm, unrelated to any legitimate law enforcement objective.

56.     As a direct and legal cause of the acts of the Defendants ACEVEDO, CASTILLO and DOES 1 – 8, Mr. VARGAS experienced severe pain and suffering and lost his life and earning capacity for which THE ESTATE OF CHRISTIAN VARGAS is entitled to recover damages.

57.     As a legal result of the actions and failures to act as described here, Minors, A.C.V., C.A.V.,  A.F.E., and Ms. HERNANDEZ seek damages for injuries and harms as described in Paragraph 30 above, all in an amount to be determined according to proof at trial.

58.     As a further legal result of the actions and failures to act as described here, Ms. HERNANDEZ, individually, seeks damages for funeral and burial expenses, all in an amount to be determined according to proof at trial.

59.     As a further legal result of the actions and failures to act as described here, Ms. HERNANDEZ also seeks damages as successor-in-interest to Mr. VARGAS and representative of the ESTATE for exemplary damages against the individual Defendants and economic damages, all in an amount to be determined according to proof at trial.

60.     The conduct of Defendants ACEVEDO, CASTILLO and DOES 1 – 8 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Mr. VARGAS and therefore warrants the imposition of exemplary and punitive damages as against the individual Defendants.

61.     Plaintiffs also seek attorney fees and litigation costs under this claim pursuant to 42 U.S.C. § 1988.

///
///
///
//
///
///
///
///

## FOR THE FOURTH CAUSE OF ACTION

### Interference with Familial Relationship
### and Freedom of Association – 42 U.S.C. § 1983
### (Plaintiffs the ESTATE OF CHRISTIAN VARGAS, and Minors A.C.V.,
### C.A.V., A.F.E. and EDITH HERNANDEZ against all Defendants
### and DOES 1-10, inclusive)

62.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 59 above as if fully set forth here.

63.     Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, the unwarranted state interference in their familial relationship with Mr. VARGAS.

64.     As a result of the excessive force by Defendants ACEVEDO, CASTILLO and DOES 1 – 8; and the failure of Defendants to intervene, Mr. VARGAS died.  Plaintiffs were thereby deprived of their constitutional right and familial relationship with Mr. VARGAS.

65.     Defendants ACEVEDO, CASTILLO and DOES 1 – 8  acting under color of state law, thus violated the Fourteenth and Amendment rights of Plaintiffs to be free from the unwarranted interference with their familial relationship with Mr. VARGAS.

66.     The aforementioned actions of Defendants ACEVEDO, CASTILLO and DOES 1 – 8 along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Mr. VARGAS, Plaintiffs and with purpose to harm unrelated to any legitimate law enforcement objective.

67.     As a legal result of the actions and failures to act as described here, Minors, A.C.V., C.A.V.,  A.F.E., and Ms. HERNANDEZ seek damages for injuries and harms as described in Paragraph 30 above, all in an amount to be determined according to proof at trial.

68.     As a further legal result of the actions and failures to act as described here, Ms. HERNANDEZ, individually, also seeks damages for funeral and burial expenses, all in an amount to be determined according to proof at trial.

69.     As a further legal result of the actions and failures to act as described here, Ms. HERNANDEZ also seeks damages as successor-in-interest to Mr. VARGAS and representative of the ESTATE for exemplary damages against the individual Defendants and economic damages, all in an amount to be determined according to proof at trial.

70.     The conduct of Defendants ACEVEDO, CASTILLO and DOES 1 – 8 was malicious, oppressive and in reckless disregard for Mr. VARGAS' rights and safety  and therefore warrants the imposition of exemplary and punitive damages against the individual Defendants.

71.     Plaintiffs also seek attorney fees and litigation costs under this claim pursuant to 42 U.S.C. § 1988.

**FOR THE FIFTH CAUSE OF ACTION**

**Municipal Liability for Unconstitutional Custom or Policy - 42 U.S.C. § 1983**

**(Plaintiffs the ESTATE OF CHRISTIAN VARGAS, and Minors A.C.V.,**

**C.A.V., A.F.E. and EDITH HERNANDEZ Against Defendant CITY**

**and DOES 9-10, Inclusive)**

72.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 68 above as if fully set forth here.

73.    The Plaintiffs are informed and believe that Defendants' conduct, individually and as peace officers, who shot Mr. VARGAS to death, was ratified by CITY's police department supervisorial officers, DOES 9 - 10.

74.    The Plaintiffs are informed and believe that Defendants ACEVEDO, CASTILLO and DOES  1 – 8 were not disciplined for killing Mr. VARGAS, who was merely an unarmed passenger in a car which was thought to be stolen.

75.    On and for some time prior to September 12, 2016, (and continuing to the present day) Defendants ACEVEDO, CASTILLO and DOES 1 – 8  deprived Plaintiffs and Mr. VARGAS of the rights and liberties secured to them by the Fourteenth Amendment to the United States Constitution, in that the Defendant CITY and their supervising and managerial employees, agents, and representatives, DOES 9 – 10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and Mr. VARGAS, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

    a.    Employing and retaining as police officers and other personnel, including Defendants ACEVEDO, CASTILLO and DOES 1 – 8, who at all times material here knew or reasonably should have known, that these Defendants had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies, including the use of excessive and deadly force;

    b.    Of inadequately supervising, training, controlling, assigning, and disciplining CITY police officers, and other personnel, including Defendants ACEVEDO, CASTILLO and DOES 1 –

8, who the CITY knew or in the exercise of reasonable care should have known, had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive and deadly force;

c.   By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants who are police officers of CITY;

d.   By failing to discipline CITY police officers' conduct, including but not limited to, unlawful detention and excessive and deadly force;

e.   By ratifying the intentional misconduct of Defendants ACEVEDO, CASTILLO and DOES 1 – 8 and other officers who are police officers of CITY;

f.   By having and maintaining an unconstitutional policy, custom and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs and practices of Defendants CITY were done with a deliberate indifference to individuals' safety and rights;

g.   By failing to properly investigate claims of unlawful detention and excessive force by CITY police officers;

h.   By improperly training CITY police officers regarding shooting into moving vehicles thereby putting innocent bystanders at risk;

i.      By failing to discipline officers for shooting into moving vehicles, thereby putting innocent bystanders at risk; and

j.      By failing to address the issue that officers in San Bernardino County (including CITY) shoot into moving cars at nearly double the rate of neighboring Los Angeles County.  In 70 percent of the San Bernardino cases, the person shot in the car was unarmed.

76.     By reason of these policies and practices of Defendants CITY, ACEVEDO, CASTILLO and DOES 1 – 10, Mr. VARGAS was severely injured and subjected to pain and suffering and lost his life and earning capacity for which the ESTATE  is entitled to recover damages.

77.     Defendants ACEVEDO, CASTILLO and DOES 1 –10  together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these Defendants CITY and DOES 9 - 10 condoned, tolerated and through actions and inactions thereby ratified these policies.  These Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Mr. VARGAS, Plaintiffs, and other individuals similarly situated.

78.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants CITY, ACEVEDO, CASTILLO and DOES 1 – 10  acted with an intentional, reckless, and callous disregard for the life of Mr. VARGAS, and Mr. VARGAS's and Plaintiffs' constitutional rights.  Each of their actions was willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

79.     Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants CITY and DOES 9 – 10  were affirmatively linked to and were significantly influential force behind the injuries to Mr. VARGAS and the Plaintiffs.

80.     As a legal result of the actions and failures to act as described here, Minors, A.C.V., C.A.V.,  A.F.E., and Ms. HERNANDEZ seek damages for injuries and harms as described in Paragraph 30 above, all in an amount to be determined according to proof at trial.

81.     As a further legal result of the actions and failures to act as described here, Ms. HERNANDEZ, individually, also seeks damages for funeral and burial expenses, all in an amount to be determined according to proof at trial.

82.     As a further legal result of the actions and failures to act as described here, Ms. HERNANDEZ also seeks damages as successor-in-interest to Mr. VARGAS and representative of the ESTATE for exemplary damages against the individual Defendants and economic damages, all in an amount to be determined according to proof at trial. Accordingly, Defendants, individually and as peace officers, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

83.     Plaintiffs also seek attorney fees and litigation costs under this claim pursuant to 42 U.S.C. § 1988**.**

///
///
///
///
///
///

# FOR THE SIXTH CAUSE OF ACTION

## False Imprisionment - Cal. Govt. Code § 820 - Wrongful Death

## (Plaintiffs the ESTATE OF CHRISTIAN VARAGS, and Minors A.C.V., C.A.V., A.F.E. and EDITH HERNANDEZ against all Defendants and DOES 1-8, Inclusive)

84.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 83above as if fully set forth here.

85.    Defendants ACEVEDO, CASTILLO and DOES 1 – 8, while working as police officers for CITY, and acting within the course and scope of their duties, intentionally deprived Mr. VARGAS of his freedom of movement by use of force, including deadly force, threats of force, menace, fraud, deceit and unreasonable duress.  Defendants ACEVEDO, CASTILLO and DOES 1 – 8 also detained and imprisoned Mr. VARGAS.  This detention and imprisionment was made without reasonable suspicion or probable cause.

86.    Mr. VARGAS did not knowingly or voluntarily consent to this detention and imprisionment.

87.    The CITY is vicariously liable for the Defendants' wrongful acts pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the course and scope of the employment if the employee's act would subject him or her to individual liability.

88.    The conduct of Defendants ACEVEDO, CASTILLO and DOES 1 – 8 was malicious, wanton, oppressive, and accomplished with a conscious disregard for Mr. VARGAS' rights, entitling the Plaintiffs to an award of exemplary and punitive damages against the individual Defendants.

89.     As a legal result of the actions and failures to act as described here, Minors, A.C.V., C.A.V.,  A.F.E., and Ms. HERNANDEZ seek damages for injuries and harms as described in Paragraph 30 above, all in an amount to be determined according to proof at trial.

90.     As a further legal result of the actions and failures to act as described here, Ms. HERNANDEZ, individually,  seeks damages for funeral and burial expenses, all in an amount to be determined according to proof at trial.

91.     As a further legal result of the actions and failures to act as described here, Ms. HERNANDEZ also seeks damages as successor-in-interest to Mr. VARGAS and as the representative of the ESTATE for exemplary damages against the individual Defendants and economic damages, all in an amount to be determined according to proof at trial.

## FOR THE SEVENTH CAUSE OF ACTION
### Battery - Cal. Govt. Code § 820 – Wrongful Death
### (Plaintiffs the ESTATE OF CHRISTIAN VARAGS, and Minors A.C.V., C.A.V., A.F.E. and EDITH HERNANDEZ against all Defendants and DOES 1-8, Inclusive)

92.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 – 91 above as if fully set forth here.

93.     Defendants ACEVEDO, CASTILLO and DOES 1 - 8, while working as a police officer for the CITY Police Department, and acting within the course and scope of his duties, intentionally shot Mr. VARGAS to death.  As a result of these actions Mr. VARGAS suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity for which the Plaintiffs are entitled to recover damages.  Defendants had no legal justification for using force against Mr.

VARGAS, and the Defendants' use of deadly force under the circumstances present here was unreasonable and excessive, especially since Mr. VARGAS did not commit any crime or other wrong justifying the use of deadly force against him.

94.    The CITY is vicariously liable for the wrongful acts of Defendants ACEVEDO, CASTIILO, and DOES 1 – 8 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability.

95.    The above-referenced conduct of Defendants ACEVEDO, CASTIILO, and DOES 1 – 8 was malicious, wanton, and  oppressive, and committed with a conscious disregard for Mr. VARGAS rights and safety, entitling the Plaintiffs to an award of exemplary and punitive damages against the individual Defendants.

96.    As a legal result of the actions and failures to act as described here, Minors, A.C.V., C.A.V.,  A.F.E., and Ms. HERNANDEZ seek damages for injuries and harms as described in Paragraph 30 above, all in an amount to be determined according to proof at trial.

97.    As a further legal result of the actions and failures to act as described here, Ms. HERNANDEZ, individually,  seeks damages for funeral and burial expenses, all in an amount to be determined according to proof at trial.

98.    As a further legal result of the actions and failures to act as described here, Ms. HERNANDEZ also seeks damages as successor-in-interest to Mr. VARGAS and representative of the ESTATE for exemplary damages against the individual Defendants and economic damages, all in an amount to be determined according to proof at trial.

**FOR THE EIGHTH CAUSE OF ACTION**

**Negligence – Cal. Govt. Code § 820 – Wrongful Death**

**(Plaintiffs the ESTATE OF CHRISTIAN VARGAS, and Minors A.C.V., C.V.,**

**A.F.E., and EDITH HERNANDEZ against all Defendants**

**and DOES 1-10, inclusive)**

99.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 – 98 above as if fully set forth here.

100.    The actions and inactions of the Defendants ACEVEDO, CASTIILO, and DOES 1 – 8 were negligent and reckless, including but not limited to:

      a.    The failure to properly assess the need to detain, arrest, and use force or deadly force against Mr. VARGAS;

      b.    The negligent tactics and handling of the incident with Mr. VARGAS, including engaging in a vehicle pursuit with an innocent bystander in the passenger seat;

      c.    The negligent tactics and handling of the situation with Mr. VARGAS, including shooting into a moving vehicle during the course of a vehicle pursuit while an innocent bystander is in the passenger seat;

      d.    The negligent detention, arrest, and use of force, including deadly force, against Mr. VARGAS;

      e.    The failure to provide prompt medical care to Mr. VARGAS;

      f.    The failure to properly train and supervise police officer employees  including Defendants ACEVEDO, CASTIILO, and DOES 1 – 8 as it relates to shooting into a moving vehicle;

g.   The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Mr. VARGAS; and

h.   The negligent handling of evidence and witnesses during the course of the investigation following the shooting.

101.   As a direct and legal result of the Defendants' conduct as alleged above, and other undiscovered negligent conduct, Mr. VARGAS was caused to suffer severe pain and suffering and ultimately died and lost earning capacity for which Plaintiffs are entitled to recover damages.

102.   The CITY is vicariously liable for the wrongful acts of Defendants ACEVEDO, CASTIILO, and DOES 1 – 8 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability.

103.   As a legal result of the actions and failures to act as described here, Minors, A.C.V., C.A.V.,  A.F.E., and Ms. HERNANDEZ seek damages for injuries and harms as described in Paragraph 30 above, all in an amount to be determined according to proof at trial.

104.   As a further legal result of the actions and failures to act as described here, Ms. HERNANDEZ, individually, also seeks damages for funeral and burial expenses, all in an amount to be determined according to proof at trial.

105.   As a further legal result of the actions and failures to act as described here, Ms. HERNANDEZ also seeks damages as successor-in-interest to Mr. VARGAS and representative of the ESTATE for exemplary damages against the individual Defendants and economic damages, all in an amount to be determined according to proof at trial.

**WHEREFORE**, each of the Plaintiffs pray for judgment against all Defendants as follows:

### FOR THE FIRST CAUSE OF ACTION

1.     For compensatory damages, in an amount to be determined according to proof at trial;

2.     For funeral and burial expenses in an amount to be determined according to proof at trial;

3.     For exemplary and punitive damages against the individual defendants in an amount to be determined according to proof at trial;

4.      For attorney fees, costs, and expenses in an amount to be determined according to proof at trial pursuant to U.S.C. **§** 1988;

### FOR THE SECOND CAUSE OF ACTION

1.     For compensatory damages, in an amount to be determined according to proof at trial;

2.     For funeral and burial expenses in an amount to be determined according to proof at trial;

3.     For exemplary and punitive damages against the individual defendants in an amount to be determined according to proof at trial;

4.     For attorney fees, costs, and expenses in an amount to be determined according to proof at trial pursuant to U.S.C. **§** 1988;

///
///
///

**FOR THE THIRD CAUSE OF ACTION**

1. For compensatory damages, in an amount to be determined according to proof at trial;

2. For funeral and burial expenses in an amount to be determined according to proof at trial;

3. For exemplary and punitive damages against the individual defendants in an amount to be determined according to proof at trial;

4. For attorney fees, costs, and expenses in an amount to be determined according to proof at trial pursuant to U.S.C. § 1988;

**FOR THE FOURTH CAUSE OF ACTION**

1. For compensatory damages, in an amount to be determined according to proof at trial;

2. For funeral and burial expenses in an amount to be determined according to proof at trial;

3. For exemplary and punitive damages against the individual defendants in an amount to be determined according to proof at trial;

4. For attorney fees, costs, and expenses in an amount to be determined according to proof at trial pursuant to U.S.C. § 1988;

**FOR THE FIFTH CAUSE OF ACTION**

1. For compensatory damages, in an amount to be determined according to proof at trial;

2. For funeral and burial expenses in an amount to be determined according to proof at trial;

3.     For exemplary and punitive damages against the individual defendants in an amount to be determined according to proof at trial;

4.     For attorney fees, costs, and expenses in an amount to be determined according to proof at trial pursuant to U.S.C. § 1988;

## FOR THE SIXTH CAUSE OF ACTION

1.     For compensatory damages, in an amount to be determined according to proof at trial;

2.     For funeral and burial expenses in an amount to be determined according to proof at trial;

3.     For exemplary and punitive damages against the individual defendants in an amount to be determined according to proof at trial;

## FOR THE SEVENTH CAUSE OF ACTION

1.     For compensatory damages, in an amount to be determined according to proof at trial;

2.     For funeral and burial expenses in an amount to be determined according to proof at trial;

3.     For exemplary and punitive damages against the individual defendants in an amount to be determined according to proof at trial;

## FOR THE EIGHTH CAUSE OF ACTION

1.     For compensatory damages, in an amount to be determined according to proof at trial; and

2.     For funeral and burial expenses in an amount to be determined according to proof at trial.

**FOR ALL CAUSES OF ACTION**

1. For costs of suit; and

2. For such further other relief as the Court may deem just, proper and appropriate.

Dated: September 13, 2017          *DOUGLAS / HICKS LAW, APC*

By:    ___/s/ Carl E. Douglas_____
       **CARL E. DOUGLAS, ESQ.**
       **JAMON R. HICKS, ESQ.**
       Attorneys for all Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Dated: September 13, 2017          *DOUGLAS / HICKS LAW, APC*

By:      /s/ Carl E. Douglas
         **CARL E. DOUGLAS, ESQ.**
         **JAMON R. HICKS, ESQ.**
         Attorneys for all Plaintiffs